**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| LEANDER TOWNSELL (#2017-0426045), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 20 C 0170 |
| v. | ) | |
| | ) | Hon. Manish S. Shah |
| | ) | |
| COOK COUNTY JAIL MEDICAL DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff has paid the $400 filing fee. Summonses, however, shall not issue because Plaintiff's complaint [1] is dismissed without prejudice. Plaintiff is granted until June 18, 2020, to submit an amended complaint and a completed USM-285 (Marshals service) form for each Defendant named in the amended complaint. If he fails to comply, the Court will dismiss the case for failure to state a claim. Plaintiff is advised that he must promptly submit a change-of-address notification if he is released or transferred to another facility. If he does not keep the Clerk informed of his correct address, this case may be dismissed. The Clerk is directed to send Plaintiff an amended civil rights complaint form and instructions, a blank USM-285 form, and a copy of this order. Plaintiff's motion for attorney representation [4] is denied without prejudice.

**STATEMENT**

Plaintiff Leander Townsell, a pretrial detainee at Cook County Jail proceeding *pro se*, has paid the $400 filing fee in accordance with the Court's prior order. Under 28 U.S.C. § 1915A, the Court is required to screen prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen prisoners' complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain

1

statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also must "accept all well-pleaded facts as true and draw reasonable inference in the plaintiff's favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges that he has been denied appropriate care for his injured shoulder while at Cook County Jail. At some point in 2018, Plaintiff tore ligaments in his shoulder and sustained a Hill-Sachs lesion. (Dkt. 1, pg. 4.) Plaintiff has been in constant pain and has difficulty sleeping and lifting due to these injuries. (*Id.*, pgs. 4, 6.) Plaintiff turned in multiple medical request forms between 2018 and 2019 informing the Jail's Division 11 medical unit that his shoulder was damaged. (*Id.*, pg. 4.) Plaintiff was instructed not to play basketball or do pushups and he has twice received physical therapy for his shoulder. (*Id.*) Plaintiff, however, was informed at some point by the Jail medical unit that he would require an operation for his shoulder, which he had not undergone as of December 16, 2019. (*Id.*)

Based on these events, Plaintiff seeks to hold the Cook County Jail Medical Department liable for proving insufficient medical care for his shoulder injury. (*Id.*, pg. 6.) This kind of claim is reviewed under the Fourteenth Amendment's objective unreasonableness standard. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Plaintiff must allege facts indicating that he faced a serious medical condition, and jail officials made purposeful, knowing, or possibly reckless (as opposed to negligent) decisions to respond to that risk in a manner that was objectively unreasonable under the circumstances. *Id.* Plaintiff, however, has not named an appropriate defendant or provided sufficient facts to proceed on his complaint.

To begin with, Plaintiff names the Cook County Jail Medical Department as the sole Defendant. As a subdivision of Cook County Jail, however, the Medical Department is not a suable entity. *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 307 (7th Cir. 1993) (holding that neither Cook County Department of Corrections" nor its subdivision mail room is "a suable entity"); *Ferguson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) ("'Cook County Jail' is not a suable entity.").

2

Section 1983 liability is based on individual responsibility. Plaintiff must sue the people who were personally involved in the constitutional violation. If he does now know their names, he may name them John or Jane Doe, but should describe them as best as he can, and describe what they personally did that he believes was objectively unreasonable.

Another problem with Plaintiff's complaint is that the alleged facts do not state a claim for unreasonable medical care. Plaintiff does not explain when his injury first occurred, when he was told that he would need an operation to correct his shoulder, or whether he or jail personnel made any attempts to schedule the operation. Thus, an unreasonable delay in treatment is not adequately alleged. Plaintiff received some medical treatment, including physical therapy, but does not describe that care or why it has been insufficient to treat his shoulder. Consequently, Plaintiff's complaint does not permit the inference that jail officials made purposeful, knowing, or reckless decisions about his medical needs. Plaintiff's complaint is dismissed without prejudice to submission of an amended complaint.

Plaintiff's motion for attorney representation is denied at this time. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). The Court, however, may request that an attorney represent an indigent litigant on a volunteer basis. If Plaintiff wants the Court to consider recruitment of counsel on his behalf, Plaintiff must first demonstrate that he has made a reasonable attempt to obtain counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc); *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); *Russell v. Bukowski*, 608 F.App'x 426, 428 (7th Cir. 2015) ("[B]efore a district court is required to consider recruiting counsel to assist a litigant in a civil case, the litigant must make a reasonable attempt to secure counsel for himself."). Plaintiff's motion for attorney representation makes no such showing. Moreover, recruitment of counsel is unnecessary at this time. This case is in its very early stages. No discovery is being conducted. No defendant has been served. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010) (noting that counsel is often unnecessary at the beginning stages of a case). Plaintiff's pleadings are clear enough and indicate he is able to continue at this time without counsel. If the case gets to a stage that becomes too complicated for Plaintiff to manage, the Court will revisit the recruitment of counsel.

In sum, Plaintiff has not stated a cognizable claim against a proper defendant. Accordingly, the Court dismisses his complaint without prejudice for failure to state a claim. If Plaintiff wants to proceed with this lawsuit, he must submit an amended complaint that complies with this order. In any amended complaint, Plaintiff must identify the individuals he believes to be responsible for his allegedly inadequate

3

medical treatment and connect each individual to specific conduct that he believes violated his constitutional rights.

Any amended complaint must comport with Federal Rule of Civil Procedure 11; Rule 11 provides that by signing a pleading, a party represents to the Court that his claims are warranted by existing law and that the factual contentions have evidentiary support or likely will have evidentiary support after further investigation. Fed. R. Civ. P. 11(b).

Plaintiff must also provide a completed USM-285 (Marshals service) form for each Defendant named in the amended complaint. Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Any exhibits he wants the Court to consider in its threshold review of the amended complaint must be attached. Plaintiff is advised to keep a copy for his files.

The Court instructs Plaintiff to file all future papers concerning this action with the Clerk of this Court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility or released. Failure to do so may lead to dismissal of this action for failure to comply with a Court order and for want of prosecution.

ENTER:

Date: May 14, 2020

Manish S. Shah, U.S. District Judge